# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1339 | **DATE** | 9/15/2004 |
| **CASE TITLE** | Brown vs. Chrysler Fin Svc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendants' motion to dismiss is granted in its entirety. All pending dates and motions are hereby stricken as moot. Enter Memorandum Opinion. Terminating case.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | 29 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| MW | courtroom deputy's initials | 2004 SEP 15 PM 6:00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE BROWN, )
 )
        Plaintiff, )
 )
v. ) No. 04 C 1339
 )
CHRYSLER FINANCIAL SERVICES, )
LLC, )
    and )
 )
JOHN "JACK" DANIELS, TIM )
HOFFMAN & HEATHER ERICKSON, )
SUED INDIVIDUALLY AND IN THEIR )
OFFICIAL CAPACITY, )
 )
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Maurice Brown purchased a vehicle in 2001 and Defendant Chrysler Financial Services, L.L.C. ("Chrysler") provided approximately $30,000 in



financing for the transaction. Chrysler contends that Brown failed to make financing payments and Chrysler brought suit against Brown in Illinois state court based on the alleged default by Brown. John "Jack" Daniels ("Daniels"), Tim Hoffman ("Hoffman"), and Heather Erickson ("Erickson") who are named as defendants in the instant action were attorneys that represented Chrysler in the Illinois action brought against Brown. The Illinois state court entered judgment in favor of Chrysler and Brown's appeal is pending in state court. In the instant action Brown brings a Fair Credit Reporting Act claim, 15 U.S.C. § 1681 *et seq.*, an intentional infliction of emotional distress claim, a 42 U.S.C. § 1981 ("Section 1981") claim, and a 42 U.S.C. § 1983 ("Section 1983") claim.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must

allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998);*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

I. Civil Rights Claims

Brown entitles Count III of his complaint "Deprivation of Civil Rights" and claims that Defendants discriminated against him because of his race. Brown lists Section 1981 and Section 1985 which prohibit intentional discrimination based on one's race or ethnicity. *See Sanghvi v. St. Catherine's Hosp., Inc.*, 258 F.3d 570, 573 (7th Cir. 2001)(stating that "42 U.S.C. § 1981 prohibits intentional discrimination on the basis of race or ethnicity concerning an activity protected by the statute."); *Stevens v. Tillman*, 855 F.2d 394, 404 (7th Cir. 1988)(stating that Section 1985(3) is intended to protect against "[r]acially-motivated private conspiracies to deprive

persons of" civil rights). Section 1981 states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. Section 1985 states:

> § 1985. Conspiracy to interfere with civil rights
>
> (1) Preventing officer from performing duties
>
> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;
>
> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class

of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985. Brown states in his complaint that he "believes" that Defendants acted against him "because he is African-American." (Compl. Par. 64, 67, 96). Brown fails to allege one single fact that would allow an inference of unlawful discrimination of any kind, even under the most liberal pleading standard. *See Perkins*, 939 F.2d at 466-67(stating that "bare legal conclusions" are not sufficient even at the pleading stage). Although a plaintiff need not allege all of the facts related to his claim, he must at least allege the "operative facts" upon which each claim is based. *Kyle*, 144 F.3d 454-55. Brown has failed to meet this minimal

burden. Therefore, we grant Defendants' motion to dismiss the Section 1981 claim and the Section 1985 claim.

II. Intentional Infliction of Emotional Distress

Brown entitles Count II of his complaint "Outrageous Conduct." Brown alleges in his complaint that Defendants engaged in "outrageous conduct" that "caused plaintiff emotional upset, anger and frustration." (Compl. 93, 94). Brown is not required as a plaintiff to name legal theories in his complaint, *Daniels v. USS Agri-Chemicals, a Div. of U.S. Diversified Group*, 965 F.2d 376, 381 (7th Cir. 1992), and since he is proceeding *pro se* we must interpret his complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). The closest cause of action to the above mentioned allegations is the tort of intentional infliction of emotional distress. Under Illinois law, for an intentional infliction of emotional distress claim a plaintiff must establish that: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; (3) the defendant's conduct in fact caused severe emotional distress." *Dunn v. City of Elgin*, 347 F.3d 641, 651 (7th Cir. 2003)(quoting *Doe v. Calumet City,* 641 N.E.2d 498, 506 (Ill. 1994)). In order for conduct to be deemed extreme and outrageous, that conduct "must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a

civilized community." *Id.* (quoting *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003)). Brown does not allege any conduct that would constitute extreme and outrageous conduct or that Defendants intended Brown to suffer severe emotional distress or knew that he would do so. It is not enough that Brown believes that he subjectively suffered severe emotional distress.

We also note that in his answer to the instant motion Brown attempts to recharacterize Count II to as a malicious prosecution claim. Under Illinois law, for a malicious prosecution claim a plaintiff must establish "that the defendant brought the underlying suit maliciously and without probable cause[,] . . . that the former action was terminated in his or her favor[, and] some "special injury" or special damage beyond the usual expense, time or annoyance in defending a lawsuit." *Cult Awareness Network v. Church of Scientology Intern*, 685 N.E.2d 1347, 1350 (Ill. 1997). Brown has alleged that the Illinois trial court found in favor of Chrysler. (Compl. Par. 68, 69). Also, Brown has not even hinted at any type of special injury. Therefore, we grant Defendants' motion to dismiss the malicious prosecution claim.

II. Fair Credit Reporting Act

Defendants argue that the Fair Credit Reporting ("Act") claims should be dismissed because they are not applicable to the situation in the instant case. Brown's complaint raises claims in regards to several sections of the Act which includes 15 U.S.C. § 1681i(a)(addressing reinvestigation by consumer reporting

7

agency), 15 U.S.C. § 1681b (explaining circumstances under which a consumer reporting agency can furnish a consumer report), 15 U.S.C. § 1681r (addressing unauthorized disclosures by employees and officer of a consumer reporting agency), 15 U.S.C. § 1681e(b)(addressing the required accuracy in consumer reports furnished by a consumer reporting agency), 15 U.S.C. § 1681n(creating private cause of action for consumers). The provisions listed by Brown are only applicable to conduct taken by "consumer reporting agency" or when the report at issue is a "consumer report." A consumer reporting agency is defined under the Act as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C.A. § 1681a(f). A consumer report as defined under the Act does not include a "report containing information solely as to transactions or experiences between the consumer and the person making the report. . . ." 15 U.S.C. § 1681a(d)(2)(A)(i).

In the instant action Brown does not allege that Chrysler is a credit reporting agency and he does not allege that the report at issue related to anything other than the transaction between Brown and Chrysler. Therefore, we grant Defendants' motion to dismiss the Fair Credit Reporting Act claim. *See Hartman v. Lisle Park Dist. 158*, F.Supp.2d 869, 875 (N.D. Ill. 2001)(dismissing claim because report dealt

only with transaction between plaintiff and the defendant).

### IV. Claims Against Defendant Attorneys

Brown has named as Defendants in the instant action attorneys that represented Chrysler in the Illinois state court action. However, Brown's claims against Defendants is based upon the fact that the attorneys successfully litigated against Brown and obtained a judgment in Chrysler's favor. To the extent that Brown is seeking to challenge the ruling of the state court, this is not the proper forum to seek such a review. Brown alleges that Defendant Heather Erickson presented "fraudulent affidavit" that "caused the Judge to err and grant defendants' motion for summary judgment." Brown still has an appeal pending in state court and to the extent that he asserts such fraudulent activity by Erickson he may present such arguments to the Illinois state appellate court. Therefore, we dismiss all claims against Daniels, Hoffman, and Erickson.

### CONCLUSION

Based on the foregoing analysis we grant Defendants' motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 15, 2004